UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CINDY STIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:07-CV-00055 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Cindy Stier brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (Docket # 1.) In November 2007, this Court entered an order that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 18, 19.)

Stier's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $3,613 for his representation of Stier in federal court. (Docket # 29.) The Commissioner has not objected to Shull's request for fees, and the time to do so has now passed. For the reasons set forth herein, Shull's motion for authorization of attorney fees will be GRANTED, except that his requested fee of $3,613 will be reduced to $1,363.60 to offset his prior fee award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

*A. Relevant Factual and Procedural Background*

On February 8, 2007, Shull and Stier entered into a contingent fee agreement for Shull's

representation of Stier in federal court.[1] (Mem. in Supp. of Pl.'s Attorney's Mot. for an Award of Att'y Fees Under 42 U.S.C. § 406(b) ("Mem. in Supp.") Ex. B.) Under the agreement, Stier agreed that Shull would "charge and receive as his fee an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to [her] family and [her] in the event [her] case is won." (Mem. in Supp. Ex. B.)

On March 16, 2007, Stier filed the instant action with this Court, appealing the Commissioner's denial of her application for disability benefits. (Docket # 1.) In November 2007, Stier received a favorable judgment from this Court, and the case was remanded to the Commissioner for further proceedings. (Docket # 18, 19.) Shull then filed a request for attorney fees under the EAJA, seeking payment for the 13.80 hours he spent advocating Stier's claim in federal court. (Docket # 20-23.) The Court awarded Shull $2,249.40 in EAJA fees. (Docket # 24.) In addition, Shull was awarded $5,300 in attorney fees pursuant to 42 U.S.C. § 406(a) for his representation of Stier at the administrative level. (Mem. in Supp. 2, Ex. A.)

Ultimately, the Commissioner awarded disability benefits to Stier, and as a result, she became entitled to $35,652 in back benefits.[2] (Supplemental Mem. in Supp. 2, Ex. A.) On April 14, 2011, Shull filed the instant motion, seeking the Court's authorization of a payment of $3,613 in attorney fees from Stier to Shull pursuant to the contingent fee agreement, to be offset by the EAJA fee award. (Docket # 25, 26.)

---

[1] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

[2] Although Stier's Memorandum in Support reflects a past due benefit award of $26,739 (*see* Mem. In Supp. 9, 10), she clarifies in her Supplemental Memorandum (Docket # 28) that this amount did not include the $8,913 that the Commissioner withheld for payment of attorney fees. (Supplemental Mem. In Supp. 2.) Therefore, the total past due benefit award was actually $35,652. (Supplemental Mem. In Supp. 2, Ex. A.)

***B. Legal Standard***

Fees for representing social security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793, 795-96. Section 406(a) controls fees for representation in administrative proceedings and § 406(b) controls attorney fees for representation in court. *Id*. at 796. Unlike fees obtained under the EAJA,[3] the fees awarded under § 406 are charged against the claimant, not the government. *Id*.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his representation at the administrative level. 42 U.S.C. § 406(a); 20 C.F.R. § 404.1725(b); *Gisbrecht*, 535 U.S. at 794-95. There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

In addition to the fee award available pursuant to § 406(a), under § 406(b) an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[4] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. The combination of fees awarded under § 406(a) and § 406(b), however, can never exceed 25% of the past-due benefits awarded to the claimant. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004); *Bartrom v. Barnhart*, No. 1:99-CV-44, 2003 WL 21919181, at *2-3 (N.D. Ind. Feb. 26, 2003). Moreover, § 406(b) has been harmonized with the EAJA; though fee

---

[3] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when its position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

3

awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807-08 (citations and footnote omitted).

### *C. Discussion*

Here, Shull requests that the Court authorize the payment of attorney fees under § 406(b) in the amount of $3,613 pursuant to his contingent fee agreement for representation of Stier in federal court. Thus, the Court is charged with determining whether Shull's requested fee under the contingent fee agreement is "a reasonable fee for such representation, not in excess of 25 percent of [Stier's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A).

In calculating the requested fee, Shull starts with $3,613, an amount less than 25% of the $35,652 in past benefits awarded to Stier. Thus, Shull has already voluntarily discounted the fee Stier agreed to pay under the terms of the contingent fee agreement. *See Crawford v. Astrue*, 586

4

F.3d 1142, 1151-52 (9th Cir. 2009) (considering when awarding fees under § 406(b) that counsel had voluntarily reduced the requested fees substantially from the allowable 25%). Likewise, this amount, when added to the $5,300 awarded to Shull under 406(a), does not exceed 25% of the past-due benefits awarded to Stier. *See Kopulos*, 318 F. Supp. 2d at 661; *Bartrom*, 2003 WL 21919181, at *2-3.

Shull explains that an award of $3,613 is reasonable for the 13.80 hours he spent representing Stier in federal court, considering that he achieved a good result for Stier and provided her with effective and efficient representation. (Mem. In Supp. 9-10.) Shull did indeed obtain a good result for Stier and undoubtedly provided her with quality representation. This Court acknowledges Shull's numerous years of experience and significant knowledge in the area of social security disability law. *See Gisbrecht*, 535 U.S. at 808; *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (considering in a § 406(b) analysis that counsel had handled 900 or more Social Security cases and achieved a large measure of success for his client).

Shull also emphasizes that he incurred a substantial risk of loss in taking Stier's case, citing statistics indicating that social security claimants who go to court ultimately prevail only about 35% of the time.[5] *See* Social Security Advisory Board, *Disability Decision Making: Data and Materials* at 89, 91 (May 2006), http://www.ssab.gov/documents/chartbook.pdf (last visited May 26, 2011); *see generally Gisbrecht*, 535 U.S. at 804-07 (explaining the contingent nature of a fee under § 406(b)). Indeed, "there is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . . [and] because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99

---

[5] The statistics indicate that federal courts remand the Commissioner's final decision 45% of the time and grant benefits outright 5%. Of those cases remanded, 67% are ultimately awarded disability benefits.

5

C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002).

Moreover, Shull explains that the requested fee of $3,613, divided by the 13.80 hours he spent on the case in federal court, equates to an effective rate of just $261.81 per hour, which is well below the effective rate in previous awards by this Court.[6] *See, e.g., Duke v. Astrue*, No. 1:05-cv-383, 2010 WL 3522572 (N.D. Ind. Aug. 30, 2010) (awarding a fee equating to $549.14 per hour); *Schimpf v. Astrue*, No. 1:06-cv-18, 2008 WL 4614658 (N.D. Ind. Oct. 16, 2008) (awarding a fee equating to $583.50 per hour).

As a result, Shull's requested fee will be GRANTED. The requested fee of $3,613, however, will be offset against Shull's previous EAJA fee award of $2,249.40, *see Gisbrecht*, 535 U.S. at 796 (reiterating that "an EAJA award offsets an award under Section 406(b)"), to arrive at a fee award of $1,363.60.

### D. Conclusion

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Docket # 25) is GRANTED, except that his requested fee of $3,613 is

---

[6] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-cv-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004); *see Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010) ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding."). Here, Shull argued in his supporting memorandum that an $262.81 requested effective rate per hour is reasonable; consequently, rather than endorsing a strict lodestar approach, the Court is merely responding to Shull's argument concerning his proposed effective rate and considering it as one factor in the analysis. *See Gisbrecht*, 535 U.S. at 807 n.17 (emphasizing that the attorney bears the burden to persuade the Court that the requested fee is reasonable).

reduced to $1,363.60 to offset his EAJA fee award.

SO ORDERED.

Enter for this 26th day of May, 2011.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge